IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MOEY C.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security
Administration,

        Defendant.

No. 3:18-cv-01409-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

        Plaintiff brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for non-governmental party's immediate family members.

1 - OPINION & ORDER

Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). Because the Administrative Law Judge (ALJ) failed to meet the Commissioner's step five burden, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

## BACKGROUND

Plaintiff was born on February 1, 1968 and was forty-six years old on October 3, 2014, the alleged disability onset date. Tr. 13, 23.[2] Plaintiff has a limited education and is unable to perform any past relevant work. Tr. 23. Plaintiff claims she is disabled based on conditions including degenerative disc disease, degenerative joint disease/tendonitis of the left shoulder, anxiety, and depression. Tr. 16.

Plaintiff filed her application for benefits on December 12, 2014. Tr. 13. The application was denied initially on April 10, 2015, and upon reconsideration on June 25, 2015. Tr. 13. A hearing was held before Administrative Law Judge John Michaelsen on March 23, 2017. Tr. 35–54. ALJ Michaelsen issued a written decision on June 15, 2017, finding that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 24. The Appeals Council declined review, rendering ALJ Michaelsen's decision the Commissioner's final decision. Tr. 1–6.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v.*

---

[2] Citations to "Tr." refer to the administrative trial record filed here as ECF No. 12.

*Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15.

At step two, the ALJ determined that Plaintiff had "the following severe impairments: history of carpal tunnel syndrome, degenerative disc disease, degenerative joint disease/tendonitis of the left shoulder, right hip arthralgia, anxiety, and depression." Tr. 16. The ALJ determined that Plaintiff's hypertension was not a severe impairment. Tr. 16.

At step three, the ALJ determined that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 16–18.

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations:

> no more than frequent stooping and no climbing of ladders, scaffolds and ropes. The claimant is also limited to frequent bilateral handling, g[r]asping or fingering, and she would need to avoid more than frequent reaching with her left upper extremity. She is further limited to simple, repetitive, routine tasks requiring no more than occasional interaction with the public.

Tr. 18.

At step four, the ALJ determined that Plaintiff was unable to perform past relevant work. Tr. 23.

At step five, the ALJ relied on the testimony of a vocational expert (VE) to find that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 24. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff raises a single issue on appeal. She argues the ALJ erred by "making insufficient step five findings." Pl. Br. 4.

"While the claimant has the burden of proof at steps one through four, the burden of proof shifts to the [Commissioner] at step five to show that the claimant can do other kinds of work." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (citations omitted). "The ALJ may pose to a vocational expert a hypothetical incorporating the residual functional capacity determination ("RFC"); the expert then opines on what kind of work someone with the limitations of the claimant could hypothetically do." *Id.* The ALJ must then determine whether, given the plaintiff's RFC, age, education, and work experience, "specific jobs exist[] in substantial numbers in the national economy that [a] claimant can perform despite [her] limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). There is no bright-line rule for determining the number of jobs that qualify as a "significant" or "substantial" number in the national or local economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir.

2014). However, the Ninth Circuit has stated that an "ALJ's finding that 25,000 national jobs is sufficient presents a close call." *Id.* at 529.

Here, the ALJ found that Plaintiff could perform three representative occupations: "label remover," "table cover folder," and "hand mounter—photo finishing." Tr. 24. The parties agree the ALJ erred in finding that Plaintiff could perform the positions of "label remover" and "table cover folder." However, Defendant argues this error is harmless because a vocational expert testified that there are 14,670 hand mounter jobs in the national economy. *See* Tr. 52. According to Defendant, "14,670 is itself a significant number of jobs." Def. Resp. 2.

The Court does not agree. In the absence of binding precedent, and the Ninth Circuit's characterization of 25,000 jobs as a "close call," the Court finds that 14,670 jobs in the national economy—only slightly more than one-half of 25,000—does not constitute a significant number of jobs. *See Lisa L. v. Comm'r of Soc. Sec.*, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018) (concluding that "the Court finds that 11,084 jobs does not meet the significant number standard"); *Watkins v. Comm'r Soc. Sec. Admin.*, 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) (finding that "11,000 order caller jobs in the national economy does not represent a significant number"); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) (noting that, while not argued in the case at issue, "this court has never found a similar number [to 12,600] to be significant."). The Court also notes that the VE did not identify, in the alternative, how many of these jobs may exist in the regional economy. Accordingly, the ALJ failed to meet the Commissioner's step five burden.

//

//

//

## CONCLUSION

The decision of the Commissioner is reversed and remanded for further administrative proceedings.[3]

IT IS SO ORDERED.

Dated this 3 day of Jan, 2020.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[3] Plaintiff does not request a remand for benefits but agrees that a remand for further proceedings and additional vocational expert testimony is needed.