IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOEY C.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

No. 3:18-cv-01409-HZ

ORDER

HERNÁNDEZ, District Judge:

Plaintiff brought this action seeking review of the Commissioner's decision to deny her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In a

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - ORDER

January 3, 2020 Opinion & Order, the Court reversed the Commissioner's decision and remanded the case for further proceedings. Judgment was entered on January 3, 2020. Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" the act "creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). To establish that its position was substantially justified, the government must show that its position had "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Substantial justif[ication]" means "justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person." *Id.*

The "position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (internal quotation marks omitted); *see also* 28 U.S.C. § 2412(d)(2)(D) (the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). "Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified." *Id.* (internal quotation marks and brackets omitted). The burden is on the Commissioner to show that

Defendant's position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

During litigation, the sole issue before the Court was whether the ALJ erred in concluding that Plaintiff could perform a significant number of jobs in the national economy. Specifically, the ALJ found that Plaintiff could perform three representative occupations: "label remover," "table cover folder," and "hand mounter—photo finishing." Plaintiff argued and Defendant conceded that the ALJ erred in finding that Plaintiff could perform the occupations of "label remover" and "table cover folder." However, Defendant argued the error was harmless because a vocational expert testified that there were 14,670 hand mounter jobs in the national economy. According to Defendant, 14,670 was itself a significant number of jobs. The Court did not agree. Rather, relying on the Ninth Circuit's characterization of 25,000 jobs as a "close call," the Court found that 14,670 did not constitute a significant number of jobs in the national economy and remanded the case for further proceedings.

Now, Defendant argues that its litigation position was reasonable. However, Defendant offers no argument as to why, how, or whether the ALJ's position in the underlying administrative action was reasonable. Remand in this case occurred, in part, because the ALJ erred in concluding that Plaintiff could perform two of the three identified representative occupations. This conclusion was not substantially justified. Indeed, even Defendant conceded, in its litigation briefing, that the ALJ erred. Given that an award of fees is required unless the ALJ's position on the issues leading to remand were substantially justified, *Tobeler*, 749 F.3d at 834-35, the Court cannot find that Defendant has met its burden in this case. Plaintiff is therefore entitled to attorney fees under EAJA.

3 - ORDER

## CONCLUSION

It is hereby ORDERED that attorney fees in the amount of $1,985.82 shall be awarded to Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Attorney fees will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows: Merrill Schneider, P.O. Box 14490, Portland, OR 97293. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

IT IS SO ORDERED.

Dated: _____May 19, 2020_____.

*/s/ Marco Hernández*

MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER