IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOEY C.,                                     No. 3:18-cv-01409-HZ

          Plaintiff,                          ORDER

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

Plaintiff Moey C. brought this action seeking review of the Commissioner's final decision to deny Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). On January 3, 2020, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. Judgment was entered on the same day. On March 28, 2022, Plaintiff's counsel received notice of Plaintiff's award for benefits. Pl. Mot. Att. 2, ECF 24-2.

Plaintiff now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Defendant objects to the request. The Court has reviewed the record in the case, the motion, and the supporting

1 – ORDER

materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services.

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance ("SSDI") claimant who was represented by an attorney may "determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total past-due benefits to which the claimant is entitled . . . ." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2006). The attorney fee award in a social security case is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 807 (2002).

Contingent-fee agreements providing for fees of 25 percent of the past-due benefits awarded are the most prevalent fee arrangements between Social Security claimants and attorneys. *Crawford*, 586 F.3d at 1147 (quoting *Gisbrecht*, 535 U.S. at 800). The statute does not specify how to determine whether a requested fee is reasonable, but the Supreme Court has instructed that courts "must respect 'the primacy of lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808). The Crawford court set out factors, based on its analysis of *Gisbrecht*, for analyzing the reasonableness of a requested fee in a particular case: (1) the character of the representation (specifically, if the representation was substandard); (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the requested fee is not in proportion to the time spent on the case (i.e. whether the award would be a windfall). *Crawford*, 586 F.3d at 1151–53 (citations omitted). The *Crawford* panel also recognized the risk inherent in contingency-fee representation is an appropriate factor to consider

2 – ORDER

in assessing a fee's reasonableness, but instructed courts to focus on the "complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* at 1153.

Applying the standards set by *Gisbrecht*, the Court determines that the requested fee is reasonable. The Court first turns to the contingent-fee agreement. Its terms are within the statutory limits of 42 U.S.C. § 406. Pl. Mot. Att. 1, ECF 20-1. Both the character of the representation and the results obtained were good as Plaintiff's counsel obtained a remand for proceedings where Plaintiff was found to be disabled. Op. & Order, ECF 17; Pl. Mot. Att. 3, ECF 20-3. There was no significant delay attributable to Plaintiff's counsel.

The requested fee is proportional to the amount of time spent on the case. Counsel requests $12,754.75 for 9.7 hours of work, resulting in an hourly rate of $1,314.92. The Commissioner argues this hourly rate constitutes a windfall considering the services provided and time spent on this case. The Court disagrees. This was a single-issue case that counsel successfully addressed with a short brief. Though the hourly rate appears high in isolation, it reflects counsel's expertise, expedient resolution of the case, and the general risk of non-payment in social security cases. Moreover, fee awards with hourly rates exceeding $1,000 have been approved by courts in this district on numerous occasions. *See Hicks-McSwain v. Comm'r of Soc. Sec.*, No. 3:16-CV-02111-JR, 2021 WL 244770, at *1 (D. Or. Jan. 25, 2021) (approving a de facto hourly rate of $2,000); *Steven M. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-00459-HZ, 2020 WL 249990, at *2 (D. Or. Jan. 16, 2020) (approving a de facto hourly rate of $1,900); *Edgar v. Soc. Sec. Admin*, No. 3:14-cv-0267-SI, Order, ECF 27 (D. Or. June 5, 2018) (approving de facto hourly rate of $1,820).

//

3 – ORDER

## CONCLUSION

The Court GRANTS the motion [24] and awards Plaintiff's counsel $12,754.75 in attorney's fees under 42 U.S.C. § 406(b). Previously, the Court awarded Plaintiff attorney's fees in the amount of $1,985.82 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Upon payment of the § 406(b) fees, Plaintiff's counsel will refund any EAJA fees received by counsel to Plaintiff. Any amount withheld after all administrative and court attorney's fees are paid should be released to the claimant.

IT IS SO ORDERED.

DATED:_____June 9, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER